**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

IN RE:                                                                  CASE NO. 05-55819

**JEFFREY A. SMITH, ATTORNEY AT LAW PLLC**

DEBTOR                                                              CHAPTER 7

## MEMORANDUM ON APPLICATION FOR ATTORNEYS' FEES AND EXPENSES FOR WALTHER, ROARK & GAY PLC

Before the court is the first and final application of associate attorney Stephen Barnes with Walther, Roark & Gay PLC (Counsel) for attorney fees and administrative expenses (Document # 105). Counsel was employed as special counsel for chapter 7 Trustee Stephen Palmer (Application, Document # 30; Order, Document # 33). Mr. Palmer serves as trustee for the bankruptcy estate of Jeffrey A. Smith, Attorney at Law PLLC. Pursuant to a *sua sponte* order (Document # 108) a hearing was held on April 18, 2007. Following presentations by Trustee Palmer and Mr. Barnes and the filing of an explanation of Counsel's billing entries the matter was deemed submitted for further review and decision.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A).

I

The trustee has a statutory duty to preserve the estate with an eye toward maximizing the funds available for disbursement to a debtor's unsecured creditors. 11 U.S.C. § 704. There are many methods available to a trustee to meet this statutory duty including the hiring of an attorney to assist the trustee in carrying out the trustee's duties. 11 U.S.C. §§ 327, 328. In this case the trustee hired an attorney to "assist the trustee in collecting accounts receivable." ("Application") (*See* Application to Employ, Document # 30). Neither the Application nor the authorizing order ("Order") provides the code section on which the trustee relies.

Approval of the requested fees requires the court to first decide whether the Application was approved under § 327 or under § 328. If approved under § 327 the court may conduct a review under § 330 to determine whether the requested compensation is for actual, necessary services that benefited debtor's estate. If

however, the court determines the approval was pursuant to § 328 the requested compensation may only be modified upon a finding that the terms and conditions of the employment were improvident in light of developments not capable of being anticipated at the time of the fixing of the terms and conditions.  11 U.S.C. § 328(a).

II

The Sixth Circuit Court of Appeals reviewed the retention and compensation of professionals under sections 327, 328, and 330 of title 11 in *In re Airspect Air, Inc.*, 385 F.3d 915 (6th Cir.2004).  The circuit court summarizes the statutory framework as follows:

> Section 327 of the Bankruptcy Code authorizes the trustee, with the court's approval, to employ professionals, including attorneys, "to represent or assist the trustee in carrying out the trustee's duties under" the Bankruptcy Code. 11 U.S.C. § 327(a).  Particularly, § 327 allows the trustee, with the court's approval, to employ an attorney who has represented the debtor "for a specified special purpose ... if in the best interest of the estate." 11 U.S.C. § 327(e).  Under § 328, a trustee, with the court's approval, may employ a professional under § 327 "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis." 11 U.S.C. § 328(a).  Even if the trustee and the court "pre-approve" a professional's compensation pursuant to § 328, "the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions." *Id.*  Absent approval of compensation under § 328, the court awards a professional employed under § 327 "reasonable compensation for actual, necessary services rendered by [the professional] ..., based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title," as well as "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a).
> 
> To summarize, "[s]ection 328 applies when the bankruptcy court approves a particular rate or means of payment, and § 330 applies when the court does not do so." *In re Texas Sec., Inc.,* 218 F.3d at 445.

The *Airspect* court proceeds to discuss the requirements of the Third and Ninth circuits for "pre-approval" of compensation pursuant to § 328 and rejects both standards as "too constrictive."  *Airspect* at 921.  The court then adopts a totality of the circumstances approach to determine whether a court "pre-approves" a fee arrangement under  § 328.  This approach requires an examination of both the application to employ and the court's order granting the application.  "Factors in the determination may include

whether the debtor's motion for appointment specifically requested fee pre-approval, whether the court's order assessed the reasonableness of the fee, and whether either the order or the motion expressly invoked § 328." *Id* at 922.

### III

The Application itemizes hourly fees to be billed for partner attorney ($220), associate attorney ($135), and paralegal ($85).  The court will consider the itemized fees as a request for pre-approval of fees on an hourly basis.  The court made no finding as to the reasonableness of the fees in the Order.  Finally, neither the Application nor Order "expressly invoked § 328." *Airspect* at 922.

The *Airspect* court found the reasonableness requirement to be the "foundation of the § 328 inquiry."  Given the absence of this foundational factor and the failure to expressly mention § 328 in the Application or Order, the court finds the totality of the circumstances do not support a finding that the Order approving the employment of Counsel was entered pursuant to § 328, but instead pursuant to § 327.  Therefore the court may now conduct a review under § 330 to determine whether the requested compensation is for actual, necessary services that benefited debtor's estate.

The collection activities performed by Counsel appear to be rather routine and consisted of, among other things, preparation of demand letters and the filing of seven adversary proceedings.  The trustee's Notice of Filing classifies the work performed for this engagement in three categories: "AP" for work relating to the adversary proceedings, "DL" for demand letters, and "AD" for administration and investigation activities.  Debtor's schedule B filed with his petition on October 15, 2005 listed accounts receivable in the amount of $80,238.14.  A November 30 amendment increased that amount to $112,476.60 (Document # 13).  An order granting the application to employ was entered on February 21, 2006.  The Order empowered Counsel to "serve as attorney for the trustee to do such work as appears beneficial to the unsecured creditors in this case…".  Counsel undertook collection of the accounts receivable but for various reasons recovery was limited to less than 10% of the total receivables.  As a result of Counsel's efforts a total of $11,917.43 was brought into the estate.  Counsel's fee application requests a fee in the amount of $10,000 and expenses of $660.02.[1]

---

[1] This fee reflects Counsel's voluntary reduction of the total fee by $2320.50.  (*See* First and Final Application for Attorneys' Fees, Document # 105)

- 3 -

The bankruptcy court has an affirmative duty, even in the absence of objection, to determine whether requested fees to be paid from the bankrupt's estate are reasonable. Section 330 of the Bankruptcy Code provides the court may award reasonable compensation for actual, necessary services and reimbursement for actual, necessary expenses. This same code section further provides the court shall consider the nature, the extent, and the value of such services. The court shall not allow compensation for services that were not reasonably likely to benefit the debtor's estate or services that were not necessary to the administration of the case. 11 U.S.C. § 330(a).

To aid in determining the reasonableness of a requested fee the Sixth Circuit adopted the lodestar method of fee calculation for bankruptcy cases in its 1991 decision *In re Boddy*[2] applying the standard of *Pennsylvania v. Delaware Valley Citizens Council for Clean Air,* 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987). *See also Hensley v. Eckerhart,* 461 U.S. 424 at 433-34, 103 S.Ct. 1933 at 1939-40; *In re Kieffer*, 306 B.R. 197, 205 (Bkrtcy.N.D.Ohio 2004). Accordingly, when considering any fee application whether contested or uncontested this court applies the lodestar approach.

The review begins by calculating the lodestar base rate – a figure derived from the product of a reasonable hourly rate multiplied by the reasonable hours expended on the representation. From this figure the court may objectively determine a reasonable value of the attorney's services. Additionally the bankruptcy court may consider twelve factors, known as the *Johnson*[3] factors when determining reasonable compensation. Those factors include: (1) time and labor required, (2) novelty and difficulty of the questions, (3) skill requisite to perform the legal service properly, (4) preclusion of employment by the attorney due to acceptance of the case, (5) customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) amount involved and results obtained, (9) experience, reputation, and ability of the attorneys, (10) "undesirability" of the case, (11) nature and length of the professional relationship with the client, and (12) awards in similar cases. *See also Harman v. Levin (In re Robertson)*, 772 F.2d 1150, 1152 (4th Cir.1985).

The court finds the three hourly rates contained in the Application to be reasonable and within the ranges of rates charged by bankruptcy practitioners and paralegals with similar experience, knowledge and abilities in this geographical area.

---

[2] *Boddy v. United States Bankruptcy Court, (In re Boddy),* 950 F.2d 334 (6th Cir.1991)
[3] *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir.1974)

In stark contrast to the reasonableness of the hourly rates, the court is deeply troubled by the total hours billed for this representation.[4] The applicant bears the burden of showing that the fees requested are reasonable and must submit sufficient documentation to allow the court to make the determination. *In re Copeland*, 154 B.R. 693, 699 (Bankr.W.D.Mich.1993). The Supreme Court in *Hensley* advises the exclusion of any hours that were not "reasonably expended" from the initial fee calculation requiring attorneys make a good faith effort to exercise billing judgment to exclude excessive hours from the fee submission. *Hensley* at 434 (quotes in original). Therefore the court may eliminate hours that are excessive. *Copeland* at 699.

The court will eliminate excessive hours billed in order to complete the calculation of the lodestar base rate. Using a similar approach as would be in effect if this were a contingent fee arrangement, the court will allow the total hours billed for administration and investigation to be subsumed into the hours billed for the adversary proceedings and the demand letter preparation – those being the tasks that directly resulted in recovery for the estate. Eliminating the 43.8 hours of "AD" time leaves 63.7 hours as the reasonable hours expended on the representation.[5] Multiplying the allowed hours by the appropriate hourly rates yields a result of $7218.[6]

IV

Employment on a contingent fee basis is customary in most applications involving collections activities and the court strongly urges the trustee to consider a contingent fee arrangement for subsequent collections work. Accepting employment on a contingent basis may result in situations where counsel sometimes hits a home run and at other times just dribbles the ball down the first base line. In either instance the contingent arrangement offers a measure of financial balance between the trustee's counsel and the estate in an otherwise uncertain arrangement. In the instance case only the trustee's counsel stands to fare well if the suggested fees are approved. Counsel's fee application as filed requests payment totaling 89.45% of the total recovered for the estate by Counsel's efforts. This arguably constitutes a grand slam for counsel while the

---

[4] Application requests payment for 104.52 hours of attorney and paralegal time. The court calculates the total hours included in the supplemental filing at 107.5 hours.

[5] Application includes 43.5 hours for adversary proceedings (Figure adjusted by the court. Paragraph 8 of the Trustee's Notice of Filing (Document # 109) approximates the AP hours at 40.42. The court's actual calculation is 43.5 hours.); 20.2 hours for demand letters (Figure adjusted by the court. Notice lists 20.3 hours, however the court calculates 20.2 hours); and 43.8 hours for administration / investigation.

[6] Demand letters: 10.9 associate attorney hours, 9.3 paralegal. Adversary proceedings: 24.9 associate hours, 18.5 paralegal hours, 0.1 partner hours.

estate is left with a pop-up bunt leaving the court to conclude that either payment of fees for collection work on an hourly basis is not reasonable, the total hours billed are excessive, or both.   Accordingly the fees requested by Counsel shall be reduced to an amount equal to the lodestar base rate.

An order consistent with this Memorandum will be separately entered.

Copies to:
Stephen Barnes, Esq.
Brian P. Gilfedder, Esq.
Sarah Charles Wright, Esq.
Stephen Palmer, Esq., Trustee
U.S. Trustee

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Joseph M. Scott*
**Bankruptcy Judge
Dated: Wednesday, May 09, 2007
(jms)**